IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLLIN MITCHELL OWENS,

    Petitioner,

  v.

GUY L. HALL,

    Respondent.

Civil No. 06-425-AS

FINDINGS AND RECOMMENDATION

  FRANCESCA FRECCERO
  Assistant Federal Public Defender
  101 SW Main Street
  Suite 1700
  Portland, OR  97204

    Attorney for Petitioner

  HARDY MYERS
  Attorney General
  LYNN DAVID LARSEN
  Assistant Attorney General
  Department of Justice
  1162 Court Street NE
  Salem, OR  97301

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ASHMANSKAS, Magistrate Judge.

Petitioner, an inmate at the Santiam Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED, and this action should be DISMISSED.

Petitioner challenges his May 2000 state conviction for Attempted Kidnaping in the Second Degree. It is uncontested that Petitioner's habeas corpus petition was filed beyond the one-year limitation period set forth in 28 U.S.C. § 2244(d).

Petitioner acknowledges this action is untimely, but states that "[l]ike many other Oregon prisoners, [he] incorrectly believed that, as long as he pursued his state remedies within the time period permitted under state law, then filed his federal habeas petition within one year, he would not run afoul of the statute of limitations. . . ." Petitioner argues that to avoid offending the Suspension Clause, this court should equitably toll the limitations period during the two years in which the State of Oregon allows prisoners to seek state post-conviction relief.

Petitioner concedes that the Ninth Circuit Court of Appeals already rejected this argument. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003). This court is bound by the Ninth Circuit's ruling. Hasbrouck v.

2 - FINDINGS AND RECOMMENDATION -

<u>Texaco, Inc.</u>, 663 F.2d 930 (9th Cir. 1981), <u>cert. denied</u>, 459 U.S. 828 (1982). Accordingly, the limitations period contained in § 2244(d), as applied to Oregon prisoners, does not constitute an unconstitutional suspension of the writ of habeas corpus, and the Petition for Writ of Habeas Corpus should be dismissed as untimely.

**RECOMMENDATION**

For these reasons, I recommend that the Petition for Writ of Habeas Corpus be DENIED, and that judgment of DISMISSAL be entered.

**SCHEDULING**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due May 3, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this  19   day of April, 2007.

                                                        /s/ Donald C. Ashmanskas
                                                         Donald C. Ashmanskas
                                                         United States Magistrate Judge